**United States District Court**
**District of Massachusetts**

```
_____  )
                                    )
Irene McIsaac, Individually and as  )
Personal Representative of the      )
Estate of John T. McIsaac,          )
                                    )
            Plaintiff,              )       Civil Action No.
                                    )       19-10282-NMG
        v.                          )
                                    )
Air & Liquid Systems Corporation,   )
as successor by merger to Buffalo   )
Pumps, Inc.,                        )
                                    )
            Defendant.              )
_____  )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from product liability claims brought by Irene McIsaac ("McIsaac" or "plaintiff") individually and as personal representative of the estate of her late husband, John T. McIsaac, against Air & Liquid Systems Corporation, as successor by merger to Buffalo Pumps, Inc. ("Buffalo" or "defendant").

Before the Court are defendant's motion for summary judgment and plaintiff's application under Fed. R. Civ. P. 56(d). For the reasons that follow, defendant's motion for

- 1 -

summary judgment will be allowed and plaintiff's application under Rule 56(d) will be denied.

## I.   Background

### A.   Factual Background

Plaintiff alleges that her late husband, Mr. McIsaac, was exposed to asbestos and asbestos-containing materials while working as a rigger at the Boston Naval Shipyard ("BNSY") in Charlestown, Massachusetts in 1965 and from 1967 through the 1970s.  Mr. McIsaac was diagnosed with malignant epithelioid mesothelioma, a cancer caused by asbestos exposure, in August, 2018.  He died from mesothelioma in March, 2019.

According to United States Navy archive records produced by plaintiff, Buffalo pumps were installed aboard the USS Wasp and the USS Boston, Forrest-Sherman-class ships (including the USS Decatur, the USS Barry and the USS Davis) and Mitscher-class ships.

Of particular interest in this case, BNSY records confirm that the USS Albany was at the BNSY for work in 1967 and 1968 and the USS Boston was at the BNSY in 1968 and 1972.  USS Albany ship records show that auxiliary condensate pumps, main condensate pumps, main feed pumps and main feed booster pumps manufactured by Buffalo were installed on that ship.  USS Boston

ship records show that Buffalo manufactured more than eight pumps on that ship.

Between 1955 and 1985 and during at least some periods of time prior to 1955, gaskets and packing supplied in certain original pumps manufactured by Buffalo contained asbestos.

**B.   Procedural Background**

The McIsaacs filed suit in the Massachusetts Superior Court for Middlesex County in December, 2018 against 60 defendants including Metropolitan Life Insurance Company ("Metropolitan Life"), Foster Wheeler Energy Corporation ("Foster Wheeler") and Air & Liquid Systems Corporation as successor by merger to Buffalo Pumps, Inc.  Foster Wheeler removed the case to this Court in February, 2019.  A month later, it was added as a related case to the Massachusetts Asbestos Litigation cases assigned for discovery and other pretrial purposes to United States Magistrate Judge Marianne B. Bowler. See Civ. Act. No. 12-cv-11532.

The seven-count complaint includes claims for: negligence for non-naval exposure (Count I), breach of express and implied warranties for non-naval exposure (Count II), negligence for naval exposure (Count III), breach of express and implied warranties for naval exposure (Count IV), conspiracy or concert of action as to Metropolitan Life only (Count V), undertaking of

- 3 -

special duty against Metropolitan Life only (Count VI) and loss
of consortium (Count VII).

The case was referred to United States Magistrate Judge
Donald L. Cabell for alternative dispute resolution in June,
2022 and as of May, 2023, plaintiffs settled their claims
against all defendants except Buffalo and General Electric
Company.  Thus, Counts V and VI, against Metropolitan Life only,
are no longer viable.  Buffalo moved for summary judgment in
December, 2022 and in response, plaintiff filed an application
under Rule 56(d), opposing the motion for summary judgment as
premature.  Plaintiff also filed an opposition to the motion for
summary judgment on substantive grounds, in the event the Court
were to deny plaintiff's Rule 56(d) application.

## II.  **Motion for Summary Judgment**

### A.   **Legal Standard**

The role of summary judgment is "to pierce the pleadings
and to assess the proof in order to see whether there is a
genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d
816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc.,
895 F.2d 46, 50 (1st Cir. 1990)).  The burden is on the moving
party to show, through the pleadings, discovery and affidavits,
"that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is warranted if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

**B.  Application**

As an initial matter, Buffalo, citing Sebright v. General Electric Co., 525 F. Supp. 3d 217, 232-33 (D. Mass. 2021) argues that, because at least some of Mr. McIsaac's alleged asbestos

exposure occurred on Navy vessels, maritime law applies. McIsaac does not dispute that contention in her opposition brief and the Court agrees that it may exercise maritime jurisdiction over this case. Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995).

> Maritime law requires a plaintiff to prove that
>
> 1) he was exposed to the defendant's product, and 2) the product was a substantial factor in causing the injury he suffered.

Sebright, 525 F. Supp. 3d at 244.  This Court has cautioned that "[a] mere minimal exposure to a defendant's product is insufficient to establish causation" and that plaintiff needs to demonstrate

> [a] high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.

Id. (internal quotations omitted).

Resolving every doubt in favor of McIsaac as the nonmoving party and construing the evidence in the light most favorable to her, the factual evidence is insufficient to withstand Buffalo's summary judgment motion.  Mr. McIsaac unfortunately died from mesothelioma before he was deposed in this case.  The sole fact witness to Mr. McIsaac's work experience at BNSY is Paul Troy, a former co-worker.  In his deposition, Mr. Troy recalled working

as an apprentice rigger with Mr. McIsaac from September, 1967
through late 1968.  Mr. Troy testified that he worked with Mr.
McIsaac on the USS Boston and perhaps on the USS Albany.

Although plaintiff can demonstrate that Buffalo pumps were
aboard the USS Boston and the USS Albany and that Mr. McIsaac
may have worked on both of those ships, there is no evidence
that Mr. McIsaac specifically worked on the Buffalo pumps.  For
example, in his deposition, Mr. Troy stated — understandably,
given that over 50 years have elapsed — that he could not recall
the brand name or manufacturer of the pumps that he worked on
with Mr. McIsaac at BNSY.

Because a theoretical or "mere minimal exposure" to Buffalo
pumps is insufficient to establish causation, McIsaac cannot
overcome defendant's motion for summary judgment. <u>Sebright</u>, 525
F. Supp. 3d at 247-48.  The First Circuit has held that

> evidence illustrating the factual controversy cannot
> be conjectural or problematic; it must have substance
> in the sense that it limns differing versions of the
> truth which a factfinder must resolve.

<u>Medina-Munoz</u> v. <u>R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st
Cir. 1990) (quoting <u>Mack</u> v. <u>Great Atl. & Pac. Tea Co.</u>, 871 F.2d
179, 181 (1st Cir. 1989)).  Here, plaintiff has not demonstrated
that material facts are "authentically disputed." <u>Id.</u>; <u>see</u> <u>also</u>
<u>Anderson</u>, 477 U.S. at 249-50 ("If the evidence is merely

colorable, or is not significantly probative, summary judgment may be granted.").

Even resolving every doubt in favor of McIsaac and presuming that Mr. Troy accurately recalls Mr. McIsaac's work on the USS Boston and the USS Albany, plaintiff fails to proffer facts sufficient to show that the decedent had a "high enough level of exposure" to Buffalo pumps to prove that they were a "substantial factor" in causing his mesothelioma. See Sebright, 525 F. Supp. 3d at 244, 247 ("A mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient."). Because McIsaac cannot establish an element essential to her case at trial, summary judgment is warranted. See Celotex Corp., 477 U.S. at 322.

### III. **Rule 56(d) Application**

#### A. **Legal Standard**

Federal Rule of Civil Procedure 56(d) provides:

> if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion [for summary judgment] or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Rule 56(d) acts as "a safety valve for claimants genuinely in need of further time to marshal facts,

essential to justify [their] opposition . . . to a summary judgment motion." <u>Emigrant Residential LLC</u> v. <u>Pinti</u>, 37 F.4th 717, 724 (1st Cir. 2022) (quoting <u>Reid</u> v. <u>New Hampshire</u>, 56 F.3d 332, 341 (1st Cir. 1995)) (internal quotations omitted).  The First Circuit focuses its Rule 56(d) inquiry on whether the moving party has had "a full and fair opportunity to conduct discovery needed to mount an effective opposition to a summary judgment motion." <u>Id.</u>

> To prevail under Rule 56(d), the affidavit must
>
> explain[] his or her current inability to adduce the facts essential to filing an opposition, (ii) provide[] a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicate[] how those facts would influence the outcome of the pending summary judgment motion.

<u>Id.</u> (quoting <u>Vélez</u> v. <u>Awning Windows, Inc.</u>, 375 F.3d 35, 40 (1st Cir. 2004)).  With respect to the third requirement, there must be "some realistic prospect" that the facts will "suffice to engender an issue both genuine and material." <u>Vargas-Ruiz</u> v. <u>Golden Arch Dev., Inc.</u>, 368 F.3d 1, 4 (1st Cir. 2004) (quoting <u>Paterson-Leitch Co.</u> v. <u>Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 988 (1st Cir. 1988)).

**B.    Application**

Rule 56(d) is intended to provide a nonmoving party with further time to discover essential <u>facts</u> to justify her summary judgment opposition, not time to gather additional expert opinions. <u>See</u> <u>Emigrant Residential LLC</u>, 37 F.4th at 724.

Plaintiff has already presented her factual evidence in support of her claims, which the Court has found insufficient to defeat Buffalo's summary judgment motion.  The affidavit of plaintiff's counsel in support of the Rule 56(d) application fails to indicate that any additional "sought-after facts" will engender a genuine dispute as to any material fact. <u>See</u> <u>id.</u>; <u>Vargas-Ruiz</u>, 368 F.3d at 4.  Because plaintiff seeks additional discovery to gather expert opinions, not facts, her Rule 56(d) application will be denied. <u>See</u> <u>Emigrant Residential LLC</u>, 37 F.4th at 724.  An expert opinion cannot overcome plaintiff's lack of factual evidence as to Mr. McIsaac's exposure to Buffalo pumps over 50 years ago.

**ORDER**

For the forgoing reasons, defendant's motion for summary judgment (Docket No. 433) is **ALLOWED** and plaintiff's application for relief under Fed. R. Civ. P. 56(d) (Docket No. 445) is **DENIED**.

**So ordered.**


/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge


Dated:  July 7, 2023